**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| THE KROGER COMPANY OF MICHIGAN, | |
| Defendant | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Jarydith Mannella. As alleged with greater particularity in paragraph 8 below, the Commission alleges that Defendant, The Kroger Company of Michigan, violated the Americans with Disabilities Act when it failed to reasonably accommodate Mannella's disability and terminated her employment because of her disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant The Kroger Company of Michigan (the "Employer") has continuously been a Michigan corporation doing business in the State of Michigan and the City of Howell and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.More than thirty days prior to the institution of this lawsuit, Jarydith Mannella filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.On or about December 4, 2013, Defendant Employer engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

a.Mannella is an individual with a disability. In June 2010, she suffered from an annular tear and herniated disc in her back. Mannella is disabled because her back impairment substantially limits the operation of her musculoskeletal function.

b.In September 2012, Defendant initially accommodated Mannella's back impairment by letting her return to work as a cashier and use the hand scanner to scan items in customer's grocery carts. Defendant then refused to let Mannella continue working as a cashier, claiming she could not perform the essential functions of the job because she had to lift the items out of the customer's grocery carts instead of using the hand scanner. Defendant violated the ADA when it failed to continue to reasonably accommodate Mannella and discharged her because of her disability on or about December 4, 2013.

9. The unlawful employment practices complained of in paragraph 8 above were intentional.

10. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Barriger.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to provide a reasonable accommodation to disabled employees.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging qualified individuals with disabilities who are seeking to return to work with restrictions.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Mannella whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful

employment practices, including but not limited to reinstatement and front pay.

  D. Order Defendant Employer to make whole Mannella by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Mannella by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Mannella punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

s/ Laurie A. Young
LAURIE A. YOUNG
Regional Attorney

s/ Kenneth L. Bird
KENNETH L. BIRD
Supervisory Trial Attorney

s/ Nedra Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov

Dated:  September 29, 2014